## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARMEN DAVIS-BELL, Administratrix of the estate of MICHAEL ANDREW BELL, deceased and KARMEM DAVIS-BELL, as personal representative of MICHAEL ANDREW BELL, deceased<br><br>v.<br><br>KIA MOTORS AMERICA, INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION – LAW<br><br>NO.: 2:08-CV-76 |

## STIPULATION RE CONFIDENTIALITY AND PROPOSED ORDER

WHEREAS, in recognition of the fact that plaintiff, Karmen Davis-Bell, Administratrix of the Estate of Michael Andrew Bell, Deceased and Karmen Davis-Bell, as personal representative of Michael Andrew Bell, and her counsel of record ("Plaintiff") will seek from Kia Motors America, Inc. ("KMA") ("Defendant") documents and information which constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information (hereinafter referred to as the "Documents" and/or "Information"); and

WHEREAS, Defendant recognizes that certain of such Documents and Information may be subject to discovery from time to time in the course of the litigation of the above-captioned matter (Karmen Davis-Bell, Administratrix of the Estate of Michael Andrew Bell, Deceased and Karmen Davis-Bell, as personal representative of Michael Andrew Bell v. Kia Motors of America, Inc., United States District Court for the Western District of Pennsylvania, No. 2:08-CV-76) (hereinafter referred to as the "Action");

NOW THEREFORE, Plaintiff and Defendant, by and through their attorneys, stipulate to the following:

1.     All Documents and Information produced or disclosed by Defendant to Plaintiff in this Action whether voluntarily or pursuant to discovery demand or court order, and which are not already a matter of public record, shall be provided only to Plaintiff, including Plaintiff's counsel in this Action. (Documents and Information which do not constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information or which have already been made public are not covered by this Stipulation.) Those persons who are employees of Plaintiff's counsel may have access to such Documents and Information on a need to know basis. Any consultant or expert retained by Plaintiffs may have access to such Documents and Information once they have agreed in writing, in the form described in paragraph 5 of this Stipulation, to abide by the provisions of this Stipulation. This Stipulation shall not limit the Plaintiff's right to use the Documents and Information in connection with any legal proceeding related to this action, including trial or appeal. However, said Documents and Information used in connection with any legal proceeding, including

deposition testimony, related to this action may be sealed upon application of Defendant and order of the Court.

2. Documents produced by Defendant which are subject to this Stipulation and any Order entered by the Court may be marked, "Privileged and Confidential -- Subject to Stipulation and Protective Order: (Karmen Davis-Bell, Administratrix of the Estate of Michael Andrew Bell, Deceased and Karmen Davis-Bell, as personal representative of Michael Andrew Bell v. Kia Motors of America, Inc., United States District Court for the Western District of Pennsylvania, No. 2:08-CV-76)."

3. The Documents and any Information derived from examination of said Documents as well as any other Information provided to Plaintiff which Defendant identifies as confidential shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, except upon the written stipulation of the parties or order of the Court.

4. Plaintiffs in this Action may publish the Documents and Information produced by Defendant in this Action only to those persons identified in paragraph 1 of this Stipulation who have a need to review, rely on and/or analyze such Documents and Information for the purpose of prosecuting this Action. Plaintiff shall not provide such Documents or Information to any other person or entity for any purpose whatsoever, except as permitted by this Stipulation or by mutual consent of the parties.

5. Except as provided in paragraph 4 above, the persons covered by this Stipulation are prohibited from disseminating in any fashion, manner or method the Documents and Information produced herein by the Defendant, or any of them, or any copies, notes, summaries, extracts or digests thereof, without the further written Stipulation of Defendant or by Order of the Court.

6. Prior to the dissemination of any of the Documents or Information to any person, firm or organization, Plaintiff shall ensure that each such person, firm or organization has agreed to be subject to the jurisdiction of this Court in the event of any violation or alleged violation of this Stipulation or any Order issued pursuant thereto. Plaintiff shall not disclose, by any means whatsoever, any Documents or Information until the person, firm or organization to whom disclosure is to be made has:

(i) read this Stipulation and any Order thereon in its entirety;

(ii) signed a copy of this Stipulation and any Order issued thereon signifying agreement to its provision and consent to the jurisdiction of the Court over them.

7. Plaintiffs shall maintain a list of all persons, firms or organizations who have received Documents and/or Information. At the conclusion of this Action, Plaintiff will furnish the attorneys for Defendant a list of all persons, firms or organizations, including any expert consultants not designated as expert witnesses by Plaintiffs, who have received any Documents or Information, as well as the Stipulation signed by each of them.

2

8.     The production of Documents or Information shall not constitute a waiver of Defendant's claim in this Action or otherwise that said Documents or Information are privileged or are otherwise non-discoverable.

9.     All Documents and Information, and copies of such materials, shall be surrendered to the attorneys for Defendant at the conclusion of this Action, or shall be destroyed by Plaintiff. All notes, digests, summaries and extracts derived from such Documents and Information shall be destroyed by Plaintiff at the conclusion of this Action. Plaintiff's attorneys shall certify, within twenty (20) days of the conclusion of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met by all persons signing this Stipulation.

10.     Any Documents or Information subject to this Stipulation may later be removed from the terms of this only by (a) written stipulation of the parties, (b) by written statement provided by Defendant, or (c) by order of the Court.

11.     The Court shall retain jurisdiction to enforce this Stipulation and any Order issued pursuant thereto after the conclusion of this Action. Any party seeking to enforce this Stipulation or Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions. The Court may award attorneys fees and costs to the prevailing party on the motion.

**Schiffman & Wojdowski**

DATED: April 11, 2008

Carl Schiffman, Esquire
Attorneys for Plaintiff


**Lavin, O'Neil, Ricci, Cedrone & DiSipio**

DATED: April 18, 2008

Mary Grace Maley, Esquire
Attorneys for Defendant,
KIA MOTORS AMERICA, INC.


**ORDER**

IT IS SO ORDERED.

Judge Gary Lancaster

DATED: 4-18-08

3